LAND TITLE & TRUST CO. v. ASPHALT CO. OF AMERICA.

(Circuit Court, D. New Jersey. February 13, 1903.)

**1. PLEDGES—ENFORCEMENT.**

Where an agreement pledging securities to a trustee for the payment of interest on certificates provided that, in case of default in the performance of any obligation undertaken by the pledgor, the trustee might institute such proceedings as might be advised by counsel, the trustee was entitled, in default in payment of the interest, to resort to a court of equity to enforce the agreement, notwithstanding that the agreement provided a mode of enforcement without the intervention of the court.

**2. SAME—NECESSITY OF SALE—DEMURRER.**

A bill by a trustee for the sale of securities pledged to secure the payment of interest on certificates issued by the pledgor, alleging a default in the payment of interest, should not be dismissed on demurrer, because on the final hearing it may appear that it will not be necessary to sell all the certificates pledged, as prayed in the bill.

**3. RECEIVERS—APPLICATION FOR INSTRUCTIONS BY STOCKHOLDERS—DEFENSE TO A SUIT—DISCRETION OF RECEIVER.**

Where a stockholder in a corporation applies to the receivers and requests them to set up, by way of answer to a bill filed by a trustee for the sale of certificates pledged by the corporation, certain facts which he alleges on information and belief, and the receivers aver that they have inquired into said alleged facts and have found them without foundation, the court will not require the receivers to make answer of such matters.

Nathan Bijur, for petitioner.
A. H. Wintersteen, for receivers.
Chas. L. Corbin, for Land Title & Trust Co.
Julien T. Davies, for Harrity committee.

KIRKPATRICK, District Judge. The complainant herein, the Land Title & Trust Company, filed their bill for the sale of securities pledged to them, as trustees, for the payment by the Asphalt Company of America of the interest upon certain certificates, and for the purpose of enabling the said trust company to purchase the said certificates at par.

The bill sets out that default has been made in the payment of the interest on the said certificates, and in the payment of certain sums provided in said trust deed to form a sinking fund for the redemption of said certificates at maturity. Prior to the filing of this bill, the said Asphalt Company of America had been adjudged insolvent by this court, and receivers appointed to take charge of and care for its property, which consisted of the stocks and obligations of several various companies engaged in the business of laying asphalt pavements. For this reason the said receivers, representing the company and the owners of the equity of redemption of said pledged assets, were made parties to this suit, the bill in which prays, inter alia, "that an account may be taken, by and under the direction of this court, of the amount due for principal and interest on said collateral gold certificates" of the Asphalt Company of America (by which name said certificates secured by said pledge were known), and "that the property subject to the lien of the complainant, as trustee, and of the said holders of collateral gold certificates of the Asphalt Company

of America, may be ascertained, and that all of the said property may be now sold and the proceeds applied to reimburse the trustee for all cost and expenses of said sale and of said trust, and to pay and discharge counsel fees and trustee's commissions, and to pay the unpaid semiannual interests and the principal of said certificates."

The bill recites that, as the several installments of interest on said certificates become due, the said Land Title & Trust Company, being the trustee for said certificate holders, requested the receivers, in whose custody all the assets of said company were, to pay said interest, which they were unable to do. The agreement between the said Asphalt Company of America and said trustee expressly provides that:

"If at any time the company shall make default in the performance of any obligations undertaken by it in this agreement, and such default shall continue for thirty days after demand for performance has been made in writing by the trustee, * * * the trustee may, in the event of default made and continued as in this section of the agreement, at the request in writing of the owners and holders of a majority in amount of the certificates at the time outstanding, institute such legal proceedings as may be advised by counsel to enforce the obligation of this agreement undertaken by the company."

So, upon this default (a refusal to pay the interest), the trustee became entitled to resort to a court of equity to enforce the obligation of the agreement, notwithstanding the fact that the agreement points out and provides a mode of enforcement without the court's intervention. In Guarantee Trust and Safe Deposit Company v. Green Cove Springs and M. R. Company, 139 U. S. 143, 11 Sup. Ct. 514, 35 L. Ed. 116, the court said:

"If the provisions of the mortgage concerning foreclosure were subject to the construction that they are exclusive of all right to resort to a court of equity, then they would be invalid, as intended to oust the jurisdiction of the court, which by the uniform current of authority cannot be done."

I have no doubt this court has jurisdiction of the subject-matter in this suit. Harry C. Spinks, claiming to be the holder of 1,000 shares of the stock of the Asphalt Company of America, applied to the said receivers, and requested them to demur to said bill, "because it did not set out any such breach of the conditions and agreements as would entitle the complainant to the relief prayed for," and also requested said receivers to set up by way of answer certain allegations of fact in said petition stated to be true upon information and belief. To both of these requests the receivers refused to comply, and this appeal is taken to compel them to do so.

The court has examined the bill and the exhibits annexed, and is satisfied that a demurrer thereto would not lie. It is not denied that two semiannual payments of interest are in default, and the securities which have been pledged as security, therefore, are, as has been said, liable to sale under the decree of this court. Whether it shall be necessary to sell all of said securities, as prayed for in the bill, could not be determined upon a demurrer. The bill should not be dismissed because it asks for more relief than the court upon the final hearing may adjudge them entitled to.

As to the alleged facts stated on information and belief, which the petitioner asks the receivers to set up by way of answer to said bill, the receivers say they have inquired into them, and find them without

foundation or merit. The court will not require the receivers to set up in answer matters which upon investigation they are satisfied are not in accordance with the facts and incapable of proof. While the petitioner is free with his charges of fraud in respect to the dealings of the holders of the stock of the Asphalt Company of America in transferring their stock to the National Asphalt Company, the court fails to perceive how these charges, if true, can avail as a defense in the present suit.

The application for instruction to the receivers must be denied, and the appeal dismissed.